UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

CASE NO.: 3:23-cv-61

ALEXANDER BAYONNE STROSS,

    Plaintiff,

v.

LYNN BOOLMAN AUTO SALES LIMITED LIABILITY COMPANY, and CARSFORSALE.COM, INC.,

    Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff ALEXANDER BAYONNE STROSS by and through his undersigned counsel, brings this Complaint against Defendants LYNN BOOLMAN AUTO SALES LIMITED LIABILITY COMPANY and CARSFORSALE.COM, INC. for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff ALEXANDER BAYONNE STROSS ("Stross") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Stross' original copyrighted Work of authorship.

2. Stross is the owner and principal photographer of Stross Stock. After traveling the world with his camera, creating thousands of high-quality photographs, the natural next step was to offer the public means to license his Work. Each photo on Stross Stock is shot with top-quality equipment, thoughtfully produced, hand selected, and tastefully edited before being made available to the public.

3. Stross is a native of Austin, Texas, and watched the small city grow and develop into an urban hot spot. This served as his inspiration to become a photographer, centering his expertise on complicated architectural photography and landscape photography. In 2016, Stross was nominated and accepted as a professional member of the American Society of Media Photographers, which is a high honor. Stross received a B.S. in Computer Science at the University of Texas at Austin and has since combined his love for the photographic arts and computer science by building an online system to help protect artists' works on the internet.

4. Defendant LYNN BOOLMAN AUTO SALES LIMITED LIABILITY COMPANY ("Boolman") is a used car dealership located in Portland, Indiana. At all times relevant herein, Boolman owned and operated the internet website located at the URL www.boolmanautosales.com (the "Website").

5. Defendant CARSFORSALE.COM, INC. ("Carsforsale") is an online marketplace for auto sales around the country, which works with dealers nationwide to market and sell cars through either partnered relationships with those dealers or listings from established dealerships nationwide. Carsforsale serves over 100 million shoppers annually, and works directly with over 22,500 dealerships nationwide.

6. Stross alleges that Defendants copied his copyrighted Work from the internet in order to advertise, market and promote their business activities. Defendants committed the violations alleged in connection with their business for purposes of advertising and promoting sales to the public.

**JURISDICTION AND VENUE**

7. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9. Defendants are subject to both general and specific personal jurisdiction in Indiana.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Boolman resides in this district, and Defendants are subject to personal jurisdiction in this district through their business activities.

## DEFENDANTS

11. Lynn Boolman Auto Sales Limited Liability Company is an Indiana Limited Liability Company, with its principal place of business at 1581 South 300 West, Portland, Indiana, 47371, and can be served by serving its Registered Agent, Lynn R. Boolman, at the same address.

12. Carsforsale.com, Inc. is a corporation formed and existing under the laws of South Dakota, with its principal place of business at 2500 S. Westlake Drive, Sioux Falls, SD 57106. Carsforsale can be served through its registered agent Sean M. Coffman at 113 East Spruce, Beresford, SD 57004-1827.

## THE COPYRIGHTED WORK AT ISSUE

13. In 2008, Stross created the photograph entitled "01478_plentyoftrees_2560x1600", which is shown below and referred to herein as the "Work".



14. At the time Stross created the Work, he applied copyright management information to the Work consisting of the words "Alexander Stross" to the bottom right corner, as shown in part here:



15. Stross registered the Work with the Register of Copyrights on December 15, 2008 and was assigned the registration number VAu 989-644. The Certificate of Registration is attached hereto as Exhibit 1.

16. Stross' Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets. The Work in perspective, orientation, positioning, lighting and

other details is entirely original, distinctive, and unique. As such, the Work qualifies as subject matter protectable under the Copyright Act.

17. At all relevant times Stross was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANT

18. Neither of the Defendants have ever been licensed to use the Work at issue in this action for any purpose.

19. On a date after the Work at issue in this action was created, but prior to the filing of this action, the Defendants copied the Work.

20. The unauthorized use of Stross' Work was used commercially on the Website as the background image on the main page, and remained active until at least February 19, 2021.

21. The Defendants copied Stross' copyrighted Work without Stross' permission.

22. After the Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their auto sales businesses.

23. The Defendants copied and distributed Stross' copyrighted Work in connection with their business for purposes of advertising and promoting Boolman's business, and in the course and scope of advertising and selling products and services.

24. The Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

25. Stross never gave the Defendants permission or authority to copy, distribute or display the Work at issue in this case.

26. Stross notified Boolman of the allegations set forth herein on December 28, 2021 and January 18, 2022.  To date, the parties have failed to resolve this matter.

27. When the Defendants copied and displayed the Work at issue in this case, they removed Stross' copyright management information from the Work.

28. Stross never gave either of the Defendants permission or authority to remove copyright management information from the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

29. Stross incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. Stross owns a valid copyright in the Work at issue in this case.

31. Stross registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

32. The Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Stross' authorization in violation of 17 U.S.C. § 501.

33. The Defendants performed the acts alleged in the course and scope of their business activities.

34. The Defendants' acts were willful.

35. Stross has been damaged.

36. The harm caused to Stross has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

37. Stross incorporates the allegations of paragraphs 1 through 8 of this Complaint as if fully set forth herein.

38. The Work at issue in this case contains copyright management information ("CMI") in the form of Stross' watermark in the bottom right corner.

39. The Defendants knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b), as shown here:



40. The Defendants distributed the Work knowing that the CMI had been removed or altered without authority of the copyright owner or the law.

41. The Defendants committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Stross' rights in the Work at issue in this action protected under the Copyright Act.

42. The Defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal

infringement of Stross' rights in the Work at issue in this action protected under the Copyright Act.

43. Stross has been damaged.

44. The harm caused to Stross has been irreparable.

## COUNT III
### ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION

45. Stross incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

46. The Work at issue in this case contains false copyright management information ("False CMI").

47. The Defendants added its name, logo, and contact information to the Work for use on the Website despite knowing that it was not the copyright owner of the Work, as shown in part below:



48. The Defendants knowingly and with the intent to enable or facilitate copyright infringement, added Boolman's False CMI to the Work at issue in this action in violation of 17 U.S.C. § 1202(a).

49. The Defendants committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Stross' rights in the Work at issue in this action protected under the Copyright Act.

50. Boolman caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Stross' rights in the Work at issue in this action protected under the Copyright Act.

51. After removing CMI from the Work, Boolman applied its own False CMI upon the Work.

52. After applying the false CMI to the Work, Boolman published the Work in violation of 17 U.S.C. § 1202(a).

53. Stross has been damaged.

54. The harm caused to Stross has been irreparable.

WHEREFORE, the Plaintiff Alexander Bayonne Stross prays for judgment against the Defendants Lynn Boolman Auto Sales Limited Liability Company and Carsforsale.com, Inc. that:

    a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1203;

    b. Defendants be required to pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

    c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

    d. Plaintiff be awarded pre- and post-judgment interest; and

e.   Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: January 25, 2023   Respectfully submitted,

*/s/Evan A. Andersen*
EVAN A. ANDERSEN
Evan.andersen@sriplaw.com

SRIPLAW, P.A.
3372 Peachtree Road
Suite 115
Atlanta, GA  30326
470.598.0800 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Alexander Bayonne Stross*